# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 24, 2026

Lyle W. Cayce
Clerk

No. 24-40442
consolidated with
No. 24-40443

———

Carla Frew; All Plaintiffs; Class Members,

*Plaintiffs—Appellants/Cross-Appellees,*

*versus*

Cecile Erwin Young, *Executive Commissioner, Texas Department of Health and Human Services*; Jennifer A. Shuford, *Commissioner, Texas Department of Health and Human Services,*

*Defendants—Appellees/Cross-Appellants.*

———

Appeals from the United States District Court
for the Eastern District of Texas
USDC Nos. 3:93-CV-65

———

Before Stewart, Graves, and Oldham, *Circuit Judges.*

Per Curiam:[*]

This case concerns a long-running dispute between a class of plaintiffs and the State of Texas. After the district court awarded only some of the fees

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

24-40442
c/w No. 24-40443

the plaintiffs sought, both sides appealed. We AFFIRM in part and REVERSE in part.

I

The plaintiffs challenge several parts of the district court's order. In particular, they object to the district court's analysis of their attorneys' desired hourly rate, the district court's 2% lodestar enhancement, the district court's consideration of the plaintiffs' post-consent-decree success, the district court's denial of fees related to motions practice, the district court's denial of fees for vague entries, and the district court's denial of fees for a motion to appoint additional counsel. Finding no error in the district court's reasoning, we AFFIRM.

II

Texas also cross-appeals. The State challenges the district court's decision to award fees for litigation over two parts of this case, the Toll-Free Number CAO and miscellaneous paragraphs motions to vacate. The district court erred, so we REVERSE as to these claims.

A

Section 1988 states that in a federal civil rights action, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). Even though this language is discretionary, the Supreme Court has directed that prevailing parties should be awarded reasonable attorneys' fees, absent exceptional circumstances. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). A party that obtains a settlement agreement that is enforceable through a consent decree is a prevailing party. *Frew v. Traylor*, 688 F. App'x 249, 256–57 (5th Cir. 2017) (per curiam), *as revised* (Apr. 28, 2017). *Traylor* explains that "[c]ourts review [fee award requests] for reasonableness, which includes consideration

of the success achieved." *Id.* at 257. And the Supreme Court has instructed that "the most critical factor [in determining a reasonable fee] is the degree of success obtained." *Hensley*, 461 U.S. at 436.

## B

Here, the plaintiffs were unsuccessful in both parts of the challenged litigation. So, under circuit precedent and Supreme Court precedent, they should not receive fees. *Traylor*, 688 F. App'x at 257–58.

At issue are two small pieces of this long dispute: the Toll-Free Number Corrective Action Order ("CAO") and miscellaneous paragraphs motions to vacate. The Toll-Free Number CAO dealt with various helplines that individuals could call with questions about health and coverage. The miscellaneous paragraphs are portions of the consent decree (paragraphs 91, 94, and 239–45) that cover various topics. When the State sought to dissolve the CAO and be relieved of the miscellaneous paragraphs, the plaintiffs reviewed the proposed changes and opposed some of Texas's proposed changes. The plaintiffs ultimately failed to prevent the State from modifying the CAO and the consent decree, which means their underlying actions were unsuccessful.

Here, the district court nonetheless awarded fees for the plaintiffs' work on both the Toll-Free Number CAO and the miscellaneous paragraphs motion to vacate. What's more, the district court said it did "not rely on whether Plaintiffs successfully secured the results of the Decree or CAO to determine the reasonableness of the fee requests." ROA.130684 n.2.

That was a mistake. As this court said in *Traylor*, "[c]ourts review [fee award requests] for reasonableness, which includes consideration of the success achieved." 688 F. App'x at 257. All told, because the plaintiffs were ultimately unsuccessful, they do not get fees.

The plaintiffs' argument to the contrary is unconvincing. The plaintiffs argue they "are entitled to fees regardless of success." Oral Arg. at 31:15–21. As counsel for the plaintiffs explained at oral argument, they want fees forever, regardless of whether the state is actually in compliance. Oral Arg. at 9:00–10:09 (Q: "So, if I'm understanding the point, your view of this case is that Docket 660 . . . lasts in perpetuity . . . ." A: "Until modified, yes."). Indeed, the plaintiffs wanted fees even though they said, "we are not actually asking the defendants at this time to do anything under the Toll-Free Number CAO." Oral Arg. at 6:45–7:00. Such claims have staggering consequences, as they would allow a plaintiff to receive fees in perpetuity—no matter whether they won relief, lost relief, *or even asked* for relief. What's more, this court rejected similar arguments in *Traylor*, 688 F. App'x at 258. So too here.

*    *    *

Thus, we AFFIRM the district court's disposition of the plaintiffs' challenges, and REVERSE and REMAND the district court's fee award for the Toll-Free Numbers CAO and miscellaneous paragraphs motions to vacate.

24-40442
c/w No. 24-40443

ANDREW S. OLDHAM, *Circuit Judge*, concurring:

Consent decrees can test our constitutional structure. *See Anderson v. Hutson*, 132 F.4th 751, 753 (5th Cir. 2025) (OLDHAM, J., dissenting from the denial of rehearing en banc). For one, they improperly "bind state and local officials to the policy preferences of their predecessors." *Horne v. Flores*, 557 U.S. 433, 449 (2009). What's more, such decrees often sit completely outside the democratic process. *See* Michael W. McConnell, *Why Hold Elections? Using Consent Decrees to Insulate Policies from Political Change*, 1987 U. CHI. LEGAL F. 295, 296. "[M]ost consent decrees reflect no judgment of any government official. *A* and *B* draft and approve the decree; court approval is a mere rubber stamp." Douglas Laycock, *Consent Decrees Without Consent: The Rights of Nonconsenting Third Parties*, 1987 U. CHI. LEGAL F. 103, 133. Consent decrees require no violation of federal law and no cause of action. *See Anderson*, 132 F.4th at 753–54 (OLDHAM, J., dissenting). And the remedies afforded by such decrees are limited only by the imaginations of those who draft them. *See id.* at 754 (OLDHAM, J., dissenting).

Today's consent decree is a particularly noxious example of the form. It's premised on a lawsuit that lacked a valid federal cause of action: The plaintiffs originally brought suit under 42 U.S.C. § 1983 to enforce sundry provisions of Medicaid—the precise type of action the Supreme Court now disallows. *Medina v. Planned Parenthood S. Atl.*, 606 U.S. 357, 369 (2025). For more than three decades, federal district judges have served as tsars of Texas's Medicaid program, without any input from the People of Texas. It's dramatic enough that the State's annual budget must allocate a specific line to the consent decree. And the decree spins off appeals like this one—where plaintiffs' counsel claims the right to be paid for winning, losing, and even doing nothing. ⸙

5

24-40442
c/w No. 24-40443

Consent decrees like this one should be vacated in full. *See Horne*, 557 U.S. at 472.